## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| E-WATCH, INC. AND<br>E-WATCH CORPORATION,<br><br>  Plaintiffs,<br><br>  v.<br><br>SONY CORPORATION<br>SONY MOBILE COMMUNICATION AB, AND<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA) INC.,<br><br>  Defendants. | § § § § § § § § § § § § § § | Civil No. 2:13-cv-1073-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT SONY MOBILE'S
## ANSWER TO AMENDED COMPLAINT, AND COUNTERCLAIMS

Defendant Sony Mobile Communications (USA) Inc. ("Sony Mobile") hereby files its Answer and Counterclaims to Plaintiffs e-Watch, Inc. and e-Watch Corporation's (collectively "Plaintiffs") Amended Complaint ("Complaint") and states as set forth below. Each paragraph of this Answer corresponds to the same numbered paragraph in the Complaint, and anything in the Complaint that is not expressly admitted herein is hereby denied.

### NATURE OF THE ACTION

1.  Sony Mobile admits that the Complaint purports to initiate an action for patent infringement, but Sony Mobile denies infringement.

2.  Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

3.  Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

4. Sony Mobile denies the allegations in this paragraph of the Complaint.

5. Sony Mobile admits that Plaintiffs seek alleged damages, but denies infringement and denies that Plaintiffs have suffered any damages.

## THE PARTIES

6. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

7. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

8. Sony Mobile admits that Sony Corporation is a corporation organized under the laws of Japan and has a place of business is 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Sony Corporation must be served with process in accordance with Japanese law.

9. Sony Mobile admits that Sony Mobile Communications AB is a subsidiary of Sony Corporation and is a corporation organized under the laws of Sweden with a place of business at Nya Vattentornet SE-221, 88, Lund, Sweden. Sony Mobile Communications AB must be served with process in accordance with Swedish law.

10. Sony Mobile admits that it is an indirect subsidiary of Sony Corporation and has a place of business at 3333 Piedmont Road, NE, Ste. 600, Atlanta, Georgia 30305, and that it may be served with process through its registered agent.

## JURISDICTION AND VENUE

11. Sony Mobile admits that the Complaint purports to initiate an action for patent infringement arising under Title 35 of the United States Code, but Sony Mobile denies infringement. Sony Mobile admits that this Court has jurisdiction over the subject matter of the

action under 28 U.S.C. §1331 and §1338(a) because it purports to be an action for patent infringement, but Sony Mobile denies that the patents-in-suit are valid and denies infringement.

12. For the purpose of this action and all counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction in connection with any other cause of action or claim, Sony Mobile does not contest whether jurisdiction over it properly lies in this district. For the purpose of this action and any counterclaims set forth herein, and without waiving any defense of lack of venue or improper venue in connection with any other cause of action or claim, Sony Mobile does not contest whether venue properly lies in this district but denies that this venue is more convenient than other venues. Sony Mobile denies that it has committed any act that would give rise to any cause of action asserted in the Complaint. Sony Mobile understands that no answer is needed by it to allegations of jurisdiction as they relate to other Defendants. However, to the extent an answer is required, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

## PATENTS-IN-SUIT

13. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

14. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

15. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

## DEFENDANTS' ALLEGED ACTS

16. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

17. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

18. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

## COUNT ONE

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,365,871

19. Sony Mobile incorporates its responses to paragraphs 1-14.

20. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

21. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

## COUNT TWO

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,643,168

22. Sony Mobile incorporates its responses to paragraphs 1-17.

23. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

24. Sony Mobile denies the allegations in this paragraph of the Complaint as to it. As to any other Defendant, Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent a response to Plaintiffs' Prayer for Relief is required, Sony Mobile denies that Plaintiffs are entitled to any of the prayed-for relief. Sony Mobile further states that Plaintiffs have failed to plead any facts to support a declaration by the Court that this case is exceptional under the terms of 35 U.S.C. § 285 in order to entitle them to attorney's fees.

## DEFENSES

Sony Mobile incorporates by reference the foregoing paragraphs in their entirety and asserts the following Defenses. By asserting these defenses, Sony Mobile does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Sony Mobile reserves the right to amend this Answer with additional defenses as further information becomes available.

## FIRST DEFENSE

### (No Infringement)

25. Sony Mobile does not infringe and has not infringed, either directly, contributorily, by inducement, literally and/or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patents Nos. 7,365,871 or 7,643,168 ("patents-in-suit"). Further, the

accused devices are staple articles or commodities of commerce suitable for substantial noninfringing uses, foreclosing liability for contributory infringement.

## SECOND DEFENSE

### (Invalidity)

26. Each and every claim of the patents-in-suit is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

### (Failure to State a Claim Upon Which Relief Can be Granted)

27. One or more of the claims in Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

### (Equitable Defenses)

28. Plaintiffs' claims for relief are barred in whole or in part by laches, estoppel, and/or unclean hands.

## FIFTH DEFENSE

### (Failure to Mark)

29. To the extent Plaintiffs, their predecessors-in-interest, or their licensees failed to mark patented articles pursuant to 35 U.S.C. § 287, they are not entitled to damages for any activities occurring before the filing of the present suit.

## SIXTH DEFENSE

### (Unenforceability)

30. On January 12, 1998, David Monroe filed Application No. 09/006,073 ("'073 application") with the U.S. Patent & Trademark Office ("USPTO").

31. On December 7, 1999, the Examiner issued an office action rejecting all pending claims of the '073 application. On June 7, 2000, Monroe filed a response to this office action and amended some pending claims and canceled others and argued that the remaining claims were patentable over the prior art cited by the Examiner.

32. On August 29, 2000, the Examiner issued a final office action and rejected all the then pending claims of the '073 application.

33. On February 21, 2001, Monroe filed a request for extension of time to file a response to the final office action. This extended the deadline for Monroe's response to February 28, 2001.

34. Despite filing a request for extension one week before the deadline to file his response to the final office action, Monroe did not file a response. Accordingly the '073 patent became abandoned on March 1, 2000. The USPTO mailed Monroe a notice of abandonment on April 10, 2011. Monroe did not respond to the notice of abandonment.

35. On January 3, 2003, through his attorney Richard R. Ruble, Monroe filed a petition to revive the '073 application with the USPTO. This petition states, "The entire delay in filling the required reply from the due date for the required reply until the filing of a grantable petition under 37 CFR 1.137(b) was unintentional." On information and belief, this statement was false. This statement was material because if not for this statement, the USPTO would not have granted the petition and revived the '073 application.

7

36. In fact, Monroe filed the petition to revive the '073 application in order to claim priority to the '073 application for Application No. 10/336,470, which became the '871 patent.

37. On information and belief, the USPTO would not have issued the '871 patent—which claims priority to the '073 application—or the '168 patent—which claims priority to the '871 patent—but for the statement in the petition to revive that the failure to respond to the final office action was unintentional. Thus the patents-in-suit are unenforceable.

## SONY MOBILE'S COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Sony Mobile Communications (USA) Inc. ("Sony Mobile"), for its counterclaims against Plaintiffs/Counterclaim Defendants e-Watch, Inc. and e-Watch Corporation ("Plaintiffs") states as follows:

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patents Nos. 7,365,871 and 7,643,168 (the "patents-in-suit").

2. Sony Mobile is a corporation organized under, and existing by virtue of, the laws of the state of Delaware, with its principal place of business located in Atlanta, Georgia.

3. Plaintiff e-Watch, Inc. claims to have a principal place of business in San Antonio, Texas.

4. Plaintiff e-Watch Corporation claims to have a principal place of business in San Antonio, Texas.

## JURISDICTION AND VENUE

5. On December 13, 2013, Plaintiffs filed their First Amended Complaint alleging that Sony Mobile infringes the patents-in-suit.

6. Sony Mobile denies infringement, and disputes the validity and enforceability of one or more claims of the patents-in-suit.

7. Thus, there is an actual and justiciable controversy between Plaintiffs and Sony Mobile concerning the infringement, validity and enforceability of the patents-in-suit.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code, and also under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

9. This Court has personal jurisdiction over Plaintiffs, and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## COUNTERCLAIM I

### (Declaration of Non-Infringement)

10. Sony Mobile hereby realleges and incorporates by reference paragraphs 1 through 9 of its Counterclaims as though fully set forth herein.

11. The patents-in-suit were issued by the United States Patent and Trademark Office. Plaintiffs claim to own all rights in and to the patents-in-suit.

12. Plaintiffs have asserted that Sony Mobile infringes the patents-in-suit. Thus an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the infringement of the patents-in-suit.

13. Sony Mobile is not now infringing and has not infringed any valid claim of the patents-in-suit literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that it does not infringe and has not infringed the patents-in-suit.

## COUNTERCLAIM II

**(Declaration of Invalidity)**

15. Sony Mobile hereby realleges and incorporates by reference paragraphs 1 through 14 of the Counterclaims as though fully set forth herein.

16. Plaintiffs have asserted that Sony Mobile infringes the patents-in-suit. Thus an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the validity of the patents-in-suit.

17. One or more claims of the patents-in-suit that are allegedly infringed by Sony Mobile are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

18. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that one or more claims of the patents-in-suit are invalid.

## COUNTERCLAIM III

**(Declaration of Unenforceability)**

19. Sony Mobile hereby realleges and incorporates by reference paragraphs 1 through 18 of the Counterclaims as though fully set forth herein.

20. Plaintiffs have asserted that Sony Mobile infringes the patents-in-suit. Thus an actual, justiciable controversy exists between Plaintiffs and Sony Mobile concerning the enforceability of the patents-in-suit.

21. As set forth in Sony Mobile's Sixth Defense, the patents-in-suit are unenforceable due to inequitable conduct.

22. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, Sony Mobile is entitled to a declaratory judgment that the patents-in-suit are unenforceable.

## EXCEPTIONAL CASE

23. Plaintiffs' claims against Sony Mobile are objectively baseless and support the Court finding this is an exceptional case, entitling Sony Mobile to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

24. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and counter-claimant Sony Mobile demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Sony Mobile respectfully requests a judgment against Plaintiffs as follows:

A. That Plaintiffs take nothing by their Complaint in this action;

B. Plaintiffs' Complaint in this action be dismissed in its entirety with prejudice;

C. That the Court enter a declaratory judgment that Sony Mobile does not infringe and has never infringed U.S. Patents Nos. 7,365,871 or 7,643,168;

D. That the Court enter a declaratory judgment that the asserted claims of U.S. Patents Nos. 7,365,871 or 7,643,168 are invalid, unenforceable, and void;

  E. That the Court declare this an exceptional case and award Sony Mobile its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

  F. That the Court award Sony Mobile any and all other relief to which it may be entitled, or which the Court deems just and proper.

Dated: February 18, 2014

                Respectfully Submitted,

                */s/ John H. McDowell, Jr.*
                John H. McDowell, Jr.
                Texas State Bar No. 13570825
                Email: johnmcdowell@andrewskurth.com
                Benjamin J. Setnick
                Texas State Bar No. 24058820
                Email: bensetnick@andrewskurth.com
                **ANDREWS KURTH LLP**
                1717 Main Street, Suite 3700
                Dallas, Texas 75201
                Telephone:  214-659-4400
                Facsimile:  214-915-1434

                **ATTORNEYS FOR DEFENDANT SONY MOBILE COMMUNICATIONS (USA) INC.**

## CERTIFICATE OF SERVICE

 The undersigned certifies that a copy of the foregoing has been served upon counsel of record through the Court's CM/ECF system on this 18th day of February, 2014.

                */s/ John H. McDowell, Jr.*

DAL:885199.1